IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| JOHN KANIA MITCHELL VOGEL, *Appellant*, v. EDWIN K. PALMER, CHAPTER 7 TRUSTEE OF THE BANKRUPTCY ESTATE OF KAREN ANN MITCHELL-SMITH, *Appellee*. | Civil No. 1:24-cv-02946-JRR Bankruptcy Case No. 23-13848-NVA |

## MEMORANDUM OPINION

Pending before the court is Appellant John Kania Mitchell Vogel's appeal from the order of September 25, 2024,[1] issued by the United States Bankruptcy Court addressing Appellant's motion to dismiss, Appellee Edward K. Palmer's (in his capacity as Chapter 7 Trustee for Karen Ann Mitchell-Smith) motion to convert to Chapter 7, Nationstar Mortgage, LLC's amended motion for relief from automatic stay, and Brian A. Tucci (in his capacity as Chapter 13 Trustee for Appellant) and Appellee's objections to confirmation of Appellant's proposed amended Chapter 13 plan. (ECF No. 1.) Both parties have filed their briefs. (ECF Nos. 5, 6.) The court has reviewed all papers. Pursuant to Federal Rule of Bankruptcy Procedure 8019 and Local Rule 105.6, no hearing is necessary because the facts and legal arguments are adequately presented in the briefs and record, and the decisional process would not be significantly aided by oral argument.

### I.   BACKGROUND

Appellee is the Chapter 7 Trustee of the bankruptcy estate of Appellant's mother, Karen Ann Mitchell-Smith. (Bankr. Ct. ECF No. 134 at p. 2.) Appellant and his mother owned properties

---

[1] The order was signed on September 24, 2024, and entered on September 25, 2024. (Bankr. Ct. ECF No. 134.)

together. On September 9, 2022, Appellee commenced an adversary proceeding against Appellant to sell the properties. *Id.*; ECF No. 6-2. Thereafter, on June 1, 2023, Appellant filed Chapter 13 Bankruptcy. (Bankr. Ct. ECF No. 1.) Brian Tucci (the "Maryland Trustee") was appointed the Chapter 13 Trustee of Appellant's Maryland bankruptcy case. (Bankr. Ct. ECF No. 6.)

A number of papers were before the Bankruptcy Court that were the subject of the order at issue on this appeal. First, Appellee filed a motion to convert Appellant's Chapter 13 case to a Chapter 7 case. (Bankr. Ct. ECF No. 66.) Next, Nationstar Mortgage, LLC, filed an amended motion for relief from the automatic stay as to one of the properties co-owned by Appellant and his mother. (Bankr. Ct. ECF No. 77.) Then, the Maryland Trustee and Appellee filed respective objections to Appellant's proposed amended Chapter 13 plan. (Bankr. Ct. ECF Nos. 84, 86.) Finally, Appellant filed a motion to dismiss, seeking (voluntary) dismissal of his Chapter 13 case. (Bankr. Ct. ECF No. 106.)

The Bankruptcy Court convened a hearing on Appellant's motion to dismiss and the other pending papers on February 14, 2024. (Bankr. Ct. ECF No. 126.) Appellant did not appear at the hearing; during the hearing, he telephoned chambers to advise that his mother was ill. (Bankr. Ct. ECF No. 134 at p. 4.) Thereafter, the Bankruptcy Court issued its memorandum order granting Appellant's motion to dismiss and denying the motion to convert. *Id.* In its order, the Bankruptcy Court explained:

> The hearing was held on February 14, 2024. Neither Mr. Vogel nor Ms. Mitchell-Smith appeared. At the commencement of the hearing, the Court reviewed case law governing dismissal of a chapter 13 case where it is the debtor who requests dismissal. The Bankruptcy Code provides that, "[o]n request of the debtor at any time, if the case has not been converted under section 706, 1112, or 1208 of this title, the court shall dismiss a case under this chapter. Any waiver of the right to dismiss under this subsection is unenforceable." 11 U.S.C. § 1307(b). After the Supreme Court's decision in *Marrama v. Citizens Bank of Mass.*, 549 U.S. 365 (2007) and in consideration

2

> thereof, a number of courts superimposed a requirement of good faith in cases where a chapter 13 debtor sought to dismiss his own bankruptcy case, denying dismissal and instead converting those cases where there was evidence of bad faith.
>
> In *Law v. Siegel*, 571 U.S. 427 (2014), however, the Supreme Court described as dicta the rationale from *Marrama* that courts had relied on to add conditions to a debtor's ability to voluntarily dismiss his case and rejected the application of equitable considerations to contravene express provision of the Bankruptcy Code. In the wake of Siegel, courts have uniformly rejected placing extra-statutory conditions on a chapter 13 debtor's request to voluntarily dismiss his case. Under the plain text of the statute, a debtor's right to voluntarily dismiss his case is conditioned only on whether the case has been previously converted; absent a prior conversion, the statute mandates dismissal.
>
> Pertinent here, however, post-*Siegel* case law permits the attachment of conditions to the otherwise mandatory dismissal of a chapter 13 case, consistent with the Bankruptcy Code's provision that the Court may, "for cause . . . bar the discharge, in a later case under this title, of debts that were dischargeable in the case dismissed" and/or "prejudice the debtor with regard to the filing of a subsequent petition under this title, except as provided in section 109(g) of this title." 11 U.S.C. § 349(a).

*Id.* at pp. 4–5 (footnote)  Thus, the Bankruptcy Court concluded that Appellant "has an absolute right to dismiss his case and the subject matter of the [February 14, 2024] hearing [was] limited to determining whether any conditions should be placed on that dismissal, and if so, what conditions were warranted (e.g., a time bar for future filings or for discharge)." *Id.* at p. 5.

The Bankruptcy Court then considered whether, based upon the totality of the circumstances, conditions on Appellant's dismissal of his Chapter 13 case were warranted. *Id.* at 6–8. As explained more fully below, it found evidence of bad faith by Appellant and concluded that a two-year bar on Appellant's refiling of any Chapter 13 case was warranted. *Id.*

3

## II.     LEGAL STANDARD

Federal district courts have jurisdiction to hear appeals from final judgments and orders from the U.S. Bankruptcy Court under 28 U.S.C. 158(a)(1).[2]  *See Mort Ranta v. Gorman*, 721 F.3d 241, 246 (4th Cir. 2013) ("[I]n bankruptcy cases, we allow immediate appellate review of orders that finally dispose of discrete disputes within the larger case." (citation omitted)). "[T]he district court reviews the bankruptcy court's legal conclusions *de novo* and its factual findings for clear error." *Patterson v. Mahwah Bergen Retail Grp., Inc.*, 636 B.R. 641, 662 (E.D. Va. 2022) (citing *Mar-Bow Value Partners, LLC v. McKinsey Recovery & Transformation Serv. US, LLC*, 578 B.R. 325, 328 (E.D. Va. 2017)); *see In re Johnson*, 960 F.2d 396, 399 (4th Cir. 1992) ("Findings of fact by the bankruptcy court in proceedings within its full jurisdiction are reviewable only for clear error and legal questions are subject to *de novo* review."); *Khan v. Citibank*, No. CV PX 16-3121, 2017 WL 2311185, at *2 (D. Md. May 26, 2017) (same). "[T]he 'clearly erroneous' standard does not insulate findings 'made on the basis of the application of incorrect legal standards.'" *In re Stanley*, 66 F.3d 664, 667 (4th Cir. 1995) (quoting *Consolidation Coal Co. v. Local 1643, UMWA,* 48 F.3d 125, 128 (4th Cir. 1995)).  The Fourth Circuit has recently explained that a bankruptcy court's imposed prohibition on refiling is reviewed for abuse of discretion. *Sugar v. Burnett*, 130 F.4th 358, 369 (4th Cir. 2025).

Relevant here, "*pro se* pleadings are liberally construed and held to a less stringent standard than pleadings drafted by lawyers." *Gray v. Wash. Metro Area Transit Auth.*, No. DKC-16-1792, 2017 WL 511910, at *2 (D. Md. Feb. 8, 2017) (citing *Erickson v. Paradus*, 551 U.S. 89, 94 (2007)). "Liberal construction means that the court will read the pleadings to state a valid claim to the extent

---

[2] Federal district courts also have jurisdiction to hear appeals of interlocutory orders and decrees in limited circumstances: (1) when the order was issued under 11 U.S.C. § 1121(d); or (2) with leave of the court. 28 U.S.C. § 158(a).  Neither provision applies here.

that it is possible to do so from the facts available; it does not mean that the court should rewrite the complaint to include claims never presented." *Id.* (citations omitted).

## III.   ANALYSIS

Appellant advances three arguments on appeal: first, dismissal of Appellant's Chapter 13 case was premature; second, the Bankruptcy Court's finding of bad faith on the part Appellant was in error; and third, a two-year bar on filing a Chapter 13 case is excessive. (ECF No. 5.) The court addresses each argument.

### A.   Dismissal of the Chapter 13 Case

Appellant states in conclusory fashion that dismissal of his Chapter 13 case was premature, but he fails to acknowledge that dismissal of his case was pursuant to his own request. On January 30, 2024, Appellant field his "Request to Dismiss Case Voluntarily Pursuant to 11 U.S.C. § 1307(b)" in which he asked the Bankruptcy Court to dismiss his Chapter 13 case. (Bankr. Ct. ECF No. 106.) Following analysis of applicable law, the Bankruptcy Court granted Appellant's request. (Bankr. Ct. ECF No. 134.) The Bankruptcy Court considered the following:

> The Bankruptcy Code provides that, "[o]n request of the debtor at any time, if the case has not been converted under section 706, 1112, or 1208 of this title, the court shall dismiss a case under this chapter. Any waiver of the right to dismiss under this subsection is unenforceable." 11 U.S.C § 1307(b). A debtor's right to dismiss her case is absolute, so long as the case has not been previously converted. *See In re Nichols*, 10 F.4th 956, 963 (9th Cir. 2021); *In re Smith*, 999 F.3d 452, 455 (6th Cir. 2021); *In re Barbieri*, 199 F.3d 616, 619 (2d Cir. 1999). This is true even "in the face of a pending motion to convert or allegations of bad faith conduct." *In re Minogue*, 632 B.R. 287, 293 (Bankr. D.S.C. 2021).

*Id.* at p. 5. Appellant's *post hoc* allegation of prematurity is entirely inconsistent with his own actions and request; and he otherwise fails to address the legal basis for the Bankruptcy Court's

5

conclusion. This court concurs with the Bankruptcy Court's analysis of the law and reasoning in support of its decision to grant Plaintiff's motion to dismiss his Chapter 13 case.

### B. Finding of Bad Faith and Imposition of a Two-Year Bar on Filing

Appellant contends he did not have a fraudulent intent to support a finding of bad faith; he avers instead that any errors on his part were unintentional and resulted from his *pro se* status and being in "unfamiliar territory." (ECF No. 5 at p. 2.) For these same reasons, he argues that the two-year bar on refiling is excessive.

"The bankruptcy code in 11 U.S.C. § 349(a) confers discretion on bankruptcy courts to restrict a debtor's ability to file future cases." *Palsata Tr. v. Fitzgerald*, No. 121CV376RDAIDD, 2022 WL 981939, at *5 (E.D. Va. Mar. 30, 2022) (first citing *In re Tomlin*, 105 F.3d 933, 938 (4th Cir. 1997); then citing *In re Weaver*, 222 B.R. 521, 522 (Bankr. E.D. Va. 1998)). In particular, 11 U.S.C. § 349(a) provides:

> Unless the court, for cause, orders otherwise, the dismissal of a case under this title does not bar the discharge, in a later case under this title, of debts that were dischargeable in the case dismissed; nor does the dismissal of a case under this title prejudice the debtor with regard to the filing of a subsequent petition under this title, except as provided in section 109(g) of this title.

11 U.S.C. § 349(a). "[E]ven when a case is dismissed voluntarily by a debtor, the bankruptcy court may impose restrictions or limitations on the dismissal under Sections 105(a) and/or 349(a)." *In re Kelly*, 656 B.R. 541, 594 (Bankr. D. Md. 2023), *aff'd sub nom. Kelly v. Naples Property Holding Company, LLC*, --- B.R. ---, No. CV DLB-24-184, 2025 WL 974345 (D. Md. Mar. 31, 2025). Further, in this circuit, a bar may exceed 180 days. *Kelly*, 2025 WL 974345, at *12 (citing cases).

"One of a bankruptcy court's tools to punish a debtor acting in bad faith is a bar to refiling." *Id.* (citing cases); *see In re Elmore*, No. CV 25-00331-EG, 2025 WL 1012849, at *6 (Bankr. D.S.C.

6

Apr. 2, 2025) (explaining that "the Fourth Circuit has recognized that debtors can be barred from refiling other bankruptcy cases when there is evidence of bad faith") (citing *In re Pressley*, 518 B.R. 867, 872 (Bankr. D.S.C. 2014)). When deciding whether causes exist to impose conditions on refiling based upon bad faith, the Bankruptcy Court "must consider the totality of the circumstances." *See Sugar v. Burnett*, 130 F.4th 358, 376 (4th Cir. 2025).

Relevant here, the Bankruptcy Court considered the following evidence in its totality of the circumstances analysis, relying on the Maryland Trustee's testimony (and supporting exhibits):

- Mr. Vogel's Schedules identified a single bank account at TD Bank with a balance of $462;

- Mr. Vogel's 2021 tax return, produced by Mr. Vogel under oath to the chapter 13 trustee at the meeting of creditors, reflected annual income of $16,200;

- Mr. Vogel's 2022 tax return, produced by Mr. Vogel under oath to the chapter 13 trustee at the meeting of creditors,, reflected annual income of $0;

- Bank statements from TD Bank, produced by Mr. Vogel under oath to the chapter 13 trustee at the meeting of creditors, identified Mr. Vogel as "POA" on the account;

- Bank statements from TD Bank, produced by Mr. Vogel under oath to the chapter 13 trustee at the meeting of creditors, reflected no source of income;

- Mr. Vogel's amended chapter 13 plan proposed monthly payments of $747 for 12 months, followed by $4,000 for 12 months, followed by $6,475.89 for 36 months;

- Mr. Tucci received no documents or evidence from Mr. Vogel to support the proposed payment scheduled in the amended chapter 13 plan;

- Mr. Tucci received no documents or evidence from Mr. Vogel to support the proposed payment scheduled in the amended chapter 13 plan;

- Mr. Tucci received no documents or evidence from Mr. Vogel to support the alleged income stated in Mr. Vogel's Schedules;

- Mr. Tucci received no documents or evidence from Mr. Vogel to show that Mr. Vogel received any income; and

- Mr. Tucci has been unable to complete the meeting of creditors because Mr. Vogel has not provided any documents or evidence to prove a source of income.

(Bankr. Ct. ECF No. 134 at pp. 6–7.)

The Bankruptcy Court then "easily" found evidence of bad faith by Appellant under a totality of the circumstances analysis:

> First, the record amply demonstrates that Mr. Vogel has not shown that he is "an individual with regular income," the threshold requirement for an individual debtor filing a petition under chapter 13. *See* 11 U.S.C. § 109(e). Second, the evidence shows that Mr. Vogel has failed to produce to, and otherwise cooperate with, the chapter 13 trustee to conclude the meeting of creditors required under § 341 of the Bankruptcy Code. Third, the docket reflects that Mr. Vogel has engaged in a disturbing pattern of filing papers in this case, but failing to appear at noticed hearings to prosecute them. Fourth, the docket also reflects a similar repetitive pattern by Mr. Vogel of appealing orders of this Court, including orders issued following hearings he did not attend, and then failing to prosecute those appeals, as well. Fifth, the amended plan proposed in this case does not appear remotely feasible in light of the evidence. Sixth, the timing of the petition (on the eve of a hearing in the Georgia Trustee's case) – coupled with the preceding findings – strongly suggests that the only purpose of the instant bankruptcy case was to frustrate the Georgia Trustee's administration of Mr. Vogel's mother's bankruptcy case.
>
> Measured against the *Leavitt* "totality of circumstances" factors, the foregoing shows that Mr. Vogel misrepresented information in his petition (making unsupported claims of income); filed his petition on the eve of a hearing in his mother's bankruptcy case, seemingly to frustrate the adversary proceeding litigation in the Georgia Bankruptcy case; filed his plan in an inequitable manner (proposing unrealistic monthly payments that are not supported by any evidence of income and neglecting his duties as a chapter 13 debtor to file necessary documents); and behaved disruptively and egregiously in

>       this case (filing papers and appeals but failing to appear and prosecute them).

*Id.* at pp. 7–8.

Appellant offers no specific argument (let alone supportive evidence or declaration/affidavit) that the testimony identified above and the Bankruptcy Court's resultant conclusion were incorrect or somehow resulted from his lack of knowledge.[3]  (ECF No. 5 at p. 2.) Appellant does not dispute the aforementioned evidence of a lack of regular income and inability to make payments in accordance with the proposed plan; he also does not address the claim that he failed to produce documents to, or otherwise cooperate with, the Chapter 13 Trustee.  He similarly does not address or dispute recognition of his pattern of filing papers and appeals, and then failing to appear at hearings on such papers or to prosecute such appeals.  This is particular noteworthy here, where Appellant argues the Bankruptcy Court erred in dismissing his Chapter 13 case—on Appellant's own motion to dismiss voluntarily his Chapter 13 case.  Advancing appellate argument in plain contradiction to actions he took in Bankruptcy Court in order to generate some basis to assert the Bankruptcy Court erred smacks of bad faith in the instant appeal.  In all, Appellant fails to mount a proper or meritorious challenge to the Bankruptcy Court's findings, conclusions, or orders.  Based on the record before it, the court discerns no error in the Bankruptcy Court's finding of bad faith and imposition of a two-year bar on refiling.

## IV.   CONCLUSION

For the reasons set forth herein, by separate order, the September 25, 2024 order of the Bankruptcy Court will be affirmed.

Date: May 9, 2025

/S/
Julie R. Rubin
United States District Judge

---

[3] Moreover, it does not appear at all that this was "unfamiliar territory" for Appellant.  Appellant has filed at least five other Chapter 13 petitions since December 2010.  (ECF Nos. 6-4–6-8.)